UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

REGINALD REINHARDT,

    Petitioner,

v.                                           Case No:  5:10-cv-686-Oc-38TBS

WARDEN, FCC COLEMAN - MEDIUM,

    Respondent.
_____/

## OPINION AND ORDER[1]

    Petitioner Reginald Reinhardt initiated this action as a federal prisoner incarcerated at FCC-Coleman by filing a habeas corpus petition pursuant to 28 U.S.C. § 2241 (Doc. #1, Petition). Petitioner submitted a memorandum of law (Doc. #2, Memorandum) in support with attached exhibits consisting of copies of two of Petitioner's criminal convictions (case nos. 90-542CF and 87-8890) entered in the Fifteenth Judicial Circuit in Palm Beach County, Florida (Exhs. A-B), and a copy of a portion of Florida Statute 777.011 *et seq.* (Exh. C). The Petition challenges the validity of Petitioner's plea-based conviction of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841 in the United States District Court for the Southern District of Florida in

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

case number 92-8048. Petition at 2. More specifically, Petitioner challenges the enhancement to his sentence for a variety of reasons, primarily that the prior violent felony convictions should no longer be considered qualifying violent felonies. Id. at 3.

Respondent filed a Response (Doc. #6, Response) moving to dismiss the Petition for lack of jurisdiction and attached supporting case law (Doc. #6-1, Exhs.1-6). Upon review of the Response, the Court entered an order (Doc. #17) directing Respondent to file Petitioner's presentence investigation report ("PSI"). Respondent complied with the Court's order. See Doc. #18, Doc. #21. Petitioner filed a Reply (Doc. #8, Reply) to the Response. This matter is ripe for review.

## Procedural History

### A. Conviction and Direct Appeal

On May 7, 1992, Petitioner was indicted in the United States District Court for the Southern District of Florida and charged with possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841.[2] United States v. Reinhardt, Case No. 9:92-cr-8048 (S.D. Fla.), Doc. #1.[3] On September 23, 1992, the United States filed an information

---

[2] The indictment arose from an incident on April 27, 1992, when a deputy from the Palm Beach County Sheriff's Office received information from a confidential informant that Petitioner would arrive that night at the West Palm Beach bus station in a Bronco and would be boarding a Greyhound bus with luggage containing several hundred bags of cocaine rocks (crack cocaine). The same evening, Petitioner arrived at the bus station as a passenger in a Bronco and boarded a Greyhound bus with two pieces of luggage. Deputies stopped the Bronco and the driver confirmed that Petitioner was her passenger. Deputies boarded the bus, confronted Petitioner, and Petitioner consented to a search of his luggage. As a result of the search, deputies found several hundred bags of crack cocaine totaling 54.45 grams. . Petitioner was then arrested. The indictment followed. CR Doc. #80; see also Doc. #18-1.

[3] Citations to the Petitioner's criminal conviction arising in the United States District Court for the Southern District of Florida will be referred to as "CR" followed by the docket number.

pursuant to 21 U.S.C. § 851, noticing its intent to seek enhanced penalties against Petitioner based on his prior convictions. CR Doc. #32.  Petitioner entered a guilty plea and was adjudicated accordingly.   CR Doc. #34, #35, #40; Doc. #18-1.   The court sentenced Petitioner to a 295-month term of imprisonment, followed by 5-years of supervised release and a $50.00 assessment.   CR Doc. #40; Doc. #18-1.   Petitioner did not pursue a direct appeal.   See generally CR Doc; see also CR Doc. #80.

### B.  Collateral Relief

On August 22, 1994, Petitioner filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, raising ineffective assistance of counsel.   CR Doc. #42, #46, #51, #58. The court denied Petitioner's motion.   CR Doc. #59, #60.   On March 3, 2008, Petitioner filed a "motion to reduce his sentence." CR Doc. #64, #80, #81.  The court denied Petitioner's motion as improperly filed and further found he was really attempting to raise a successive § 2255 motion without seeking prior permission from the appellate court. CR Doc. #83.   On May 6, 2010, Petitioner again sought collateral relief, this time requesting that the court revise his PSI in light of the United States Supreme Court's ruling in Johnson.[4]  CR Doc. #84, #89.   The court dismissed Petitioner's motion for lack of jurisdiction finding that the motion constituted a successive § 2255 motion.   CR Doc. #91.

### C. Current § 2241 Petition

Petitioner then initiated the instant Petition under the "saving's clause" on December 27, 2010.   See Petition.   As accurately summarized by the Respondent, Petitioner asserts that the validity of his enhanced sentence has been undermined by Johnson, the Fair Sentencing Act, Pub.L. 111-220, 124 Stat. 2372 (codified at 21 U.S.C.

---

[4] Johnson v. United States, 559 U.S. 133 (2010)

§ 841(2010), and United States v. O'Brien, 560 U.S. 218 (2010), and that he can now attack his sentence in light of Gilbert v. United States, 609 F.3d 1159 (11th Cir. 2010), *vacated by* 625 F.3d 716 (11th Cir. 2010).  See Petition; see also Memorandum. Petitioner complains that his sentence was erroneously enhanced under the career offender provisions of the U.S. Sentencing Guidelines, U.S.S.G. § 4B1.1; that his sentence, which was rendered prior to the FSA, is no longer proper; and, that his sentence was improperly enhanced by a drug quantity not set forth or charged in the indictment, but instead determined by the sentencing judge.

Respondent argues that Petitioner's attack on the validity of his enhanced sentence is not cognizable under § 2241 because Gilbert has been vacated, the FSA is not retroactive, O'Brien should not be applied retroactively (or to Petitioner's case, which is inapposite), and Petitioner cannot otherwise satisfy the savings clause of 28 U.S.C. § 2255.  Response at 3.  Thus, Respondent argues that the Court must dismiss the Petition for lack of jurisdiction.   The Court agrees that this Petition must be dismissed for lack of jurisdiction.  See Gilbert v. United States, 640 F.3d 1293 (11th Cir. 2011)(en banc)(hereinafter "Gilbert II"), cert. denied, 132 S. Ct. 1001 (2012); Williams v. Warden, Federal Bureau of Prisons, 713 F.3d 1332, 1343 (11th Cir. 2013); see also Chester v. Warden, ____ F. App'x ____, 2014 WL 104150 (11 Cir. 2014)(vacating and remanding district court's order denying savings clause petition on the merits with instruction to dismiss for lack of jurisdiction because the sentence enhancement did not exceed the statutory maximum permitted by the statute under which the petitioner was convicted).

**Analysis**

"Typically collateral attacks on the validity of a federal sentence must be brought under § 2255." Darby v. Hawk-Sawyer, 405 F.3d 942, 944-45 (11th Cir. 2005)(*per curiam*). When a petitioner has previously filed a § 2255 petition, he must apply for and receive permission from the appropriate federal circuit court prior to filing a successive petition. Id. (citing In re Blackshire, 98 F.3d 1293, 1293 (11th Cir. 1996); see also 28 U.S.C. § 2244(b)(3)(A). Additionally, § 2255 motions must be brought in the district court of conviction and are subject to a one-year statute of limitations. Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003); 28 U.S.C. § 2255(f). Under limited circumstances, a federal prisoner may file a habeas petition pursuant to § 2241. Title 28 U.S.C. § 2255(e) provides that:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the application has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

Id. (emphasis added to indicate the savings clause). The last clause of § 2255(e) is the "savings clause." The applicability of the savings clause is a threshold jurisdictional matter, and where it is absent, federal courts lack authority to consider the merits of a petitioner's § 2241 claims. Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1343 (11th Cir. 2013) (citing Wofford v. Scott, 177 F.3d 1236, 1245 (11th Cir. 1999)); see also Bryant v. Warden, FCC Coleman-Medium, 738 F.2d 1253, 1256 (11th Cir. 2013)(recognizing five requirements a petitioner must meet to satisfy the Savings Clause). Id. at 1339-40 ("[I]n enacting § 2255(e), Congress clearly restricted the subject-matter jurisdiction of the federal courts.").

Petitioner's previous § 2255 motion was denied by the court which imposed his sentence. Thus, Petitioner may not file another § 2255 motion without first receiving permission from the appropriate United States Court of Appeals, which Petitioner has failed to do. 28 U.S.C. § 2255(h); Darby, 405 F.3d at 945 ("[w]hen a prisoner has previously filed a § 2255 motion to vacate, he must apply for and receive permission . . . before filing a successive § 2255 motion"). Thus, Petitioner's only available avenue for collateral relief in a § 2241 petition is through the savings clause. The savings clause of § 2255 permits a federal petitioner to file a § 2241 petition if the petitioner can establish that § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). In Gilbert II, the Eleventh Circuit Court of Appeal held that the savings clause "does not authorize a federal prisoner to bring in a § 2241 petition a claim, which would otherwise be barred by § 2255(h), that the sentencing guidelines were misapplied in a way that resulted in a longer sentence not exceeding the statutory maximum." Gilbert II, 640 F.3d at 1323. The Eleventh Circuit concluded that "for claims of sentence error, at least where the statutory maximum was not exceeded, the point where finality holds its own against error correction is reached not later than the end of the first round of collateral review." Id. at 1312, see also Id. at 1295 (holding that a federal prisoner cannot "use a habeas corpus petition to challenge his sentence . . . at least where the sentence the prisoner is attacking does not exceed the statutory maximum.").

Here, Petitioner was convicted of violating 21 U.S.C. § 841(b)(1)(3). Given the quantity of drugs underlying the conviction, Petitioner could have been subject to a term of imprisonment "not . . . less than 10 years or more than life." See 21 U.S.C. § 841(b)(1)(viii). Thus, pursuant to § 841(b)(1), Petitioner faced a statutory maximum

penalty of life imprisonment even before his prior violent felonies were considered, had he not entered a negotiated plea. Id.; see also CR Doc. #80 at 2. By entering a plea, Petitioner was sentenced to 295-months imprisonment, which is not above the statutory maximum penalty. Consequently, the savings clause in § 2255(e) does not apply to Petitioner's claim and this Court lacks jurisdiction to address his § 2241 petition. See Gilbert II, 640 F.3d at 1295,1312; Chester, 2014 WL 104150 at *4.

To the extent Petitioner relies upon O'Brien to argue that the quantity of the drugs improperly raised his sentence from zero to 20 years to 10 years to life, see Memorandum at 8, the case is inapposite. In O'Brien the Supreme Court applied the rule in Apprendi[5] to hold that whether a firearm was a machinegun under the federal arms statute, is an element of the offense that must be proved to a jury beyond a reasonable doubt. Petitioner entered a plea in this case and never went to trial before a jury. There is no issue in this concerning the use of a machine gun. To the extent Petitioner really wanted to raise an Apprendi claim, Petitioner entered a plea in this case, so his case did not proceed to a trial by jury. Even if his case did proceed to trial by jury, Apprendi does not apply retroactively. Dohrmann v. United States, 442 F.3d 1279, 1281-82 (11th Cir. 2006); McCoy v. United States, 266 F.3d 1245, 1258 (11th Cir. 2001)("[W]e hold that the new constitutional rule of criminal procedure announced in Apprendi does not apply retroactively on collateral review.")

ACCORDINGLY, it is hereby

**ORDERED:**

1. The Petition (Doc. #1) is **DISMISSED** for lack of jurisdiction

---

[5] Apprendi v. New Jersey, 530 U.S. 466 (2000).

2. The Clerk of Court shall terminate any pending motions, enter judgment accordingly, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on this 17th day of March, 2014.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: alr
Copies: All Parties of Record